**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JULIA PREDMORE, individually and on behalf of similarly situated individuals, )<br><br>Plaintiff )<br><br>v. )<br><br>11000 REEDER, LLC, d/b/a BUCKS WILD, and CURTIS B. WISE, )<br><br>Defendants. ) | COLLECTIVE<br>ACTION COMPLAINT |

1.      Plaintiff Julia Predmore ("Plaintiff" or "Predmore") brings this collective action behalf of herself and all other exotic dancers who have worked as an exotic dancer for Defendant 11000 Reeder, LLC, d/b/a Bucks Wild ("Bucks Wild"), which is, upon information and belief, owned by Defendant Curtis B. Wise. Plaintiff brings this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of herself and others similarly situated. Plaintiff alleges that Defendants have misclassified her and other exotic dancers as independent contractors rather than employees, have failed to pay them minimum wage and overtime compensation for hours worked in excess of 40 a week, and have required dancers to pay fees and tip-outs, which constitute unlawful kick-backs under the FLSA.

**PARTIES**

2.      Plaintiff Julia Predmore ("Plaintiff") is a resident of Dallas County, Texas. Plaintiff has worked as an exotic dancer at Bucks Wild from approximately August 2019 to December 2019.

3.      Defendant 11000 Reeder, LLC, d/b/a Bucks Wild ("Bucks Wild") is an adult nightclub offering live nude or semi-nude entertainment. Bucks Wild is located at 11327 Reeder Rd., Dallas, TX 75238.

1

4.      Defendant Curtis B. Wise is an owner-operator of Bucks Wild. Upon information and belief, Defendant Wise is a resident of Dallas, Texas. He directs and manages the operations of Bucks Wild and is directly involved in the club's payroll and employee classification decisions.

## JURISDICTION AND VENUE

5.      The court has subject matter jurisdiction under 29 U.S.C. § 201 et seq. (Fair Labor Standards Act) and 28 USC § 1331 (federal question).

6.      Venue is proper in the Northern District of Texas because the Defendants are located in Dallas County, in this judicial district, and because the events giving rise to the Complaint took place in Dallas, Texas, in this judicial district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7.      Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as exotic dancers at Bucks Wild at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid minimum wage or overtime compensation as required by the Fair Labor Standards Act, and were subject to unlawful kick-backs under the FLSA.

8.      Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.      During each of the three years preceding the filing of this lawsuit, Defendants' annual gross volume of sales made or business done exceeds $500,000.

## FACTUAL ALLEGATIONS

10.     Plaintiff and other exotic dancers were required to sign a contract prior to beginning to work at Bucks Wild. While the contract gave them the "option" to be classified as an employee or an independent contractor, in practice, all dancers working at Bucks wild were treated identically and were subject to an identical set of rules promulgated by Bucks Wild.

11.     Plaintiff, along with many other dancers, was classified as an independent contractor while working for Bucks Wild. In practice, she was subject to a host of rules set by Defendants, and was controlled by Bucks Wild in all aspects of her work.

12.     Plaintiff and other exotic dancers who worked at Bucks Wild performed onstage dances and private dances for Defendants' customers.

13.     There were up to 150 exotic dancers working at Bucks Wild on any given night.

14.     Plaintiff and other exotic dancers working at Bucks Wild were required to work at least four 10-12 hour shifts each week, and to schedule their shifts in advance. Plaintiff and other exotic dacners were required to pay a fine to Bucks Wild for missing a scheduled shift. Plaintiff and other exotic dancers often worked five or more shifts per week.  As a result, Plaintiff and other exotic dancers often worked 40 or more hours a week.

15.     Plaintiff and other exotic dancers were compensated solely through tips collected directly from customers. Defendants did not pay Plaintiff and other exotic dancers any wages

16.     Defendants set the prices customers paid for dances performed by Plaintiff and other dancers. The dancers had no ability to change the prices charged.

17.     Plaintiffs and other exotic dancers were also required to pay a number of fees, including a house fee of up to $100 per shift and a $40 fee for leaving a scheduled shift early. Plaintiff and other exotic dancers were required to dance onstage at the club at set intervals each shift. Dancers were required to pay a fee of $100 per shift in order to be exempt from going on stage.

18.     Plaintiff and other exotic dancers were required to pay a tip of $10 to the DJ and $10 to the house mom for every shift they worked.

19.     Defendants instructed the dancers on how to conduct themselves when entertaining customers. The dancers were required to wear certain costumes and accessories when  performing at Bucks Wild, and were required to perform "$5 special" dances during certain holidays and promotions run by the Club.

20.     Plaintiff and other exotic dancers were subject to discipline, including verbal reprimands, termination, suspension, and fines if they failed to follow the rules and regulations set forth by the Defendants.

21.     The work performed by Plaintiff and other exotic dancers – namely, adult, exotic entertainment – was central to Bucks Wild's business as a nightclub providing adult live dancing entertainment.

## CLAIM FOR RELIEF

### Count I:  Minimum Wage and Overtime under the FLSA

22.     Plaintiff incorporates by reference the previous paragraphs of the Complaint.

23.     Pursuant to 29 USC § 206, an employer must pay employees at least the minimum wage for all hours worked, and 29 USC § 207 provides that overtime wages must be paid by the employer when the employee works more than 40 hours per week.

24.      The Defendants failed to pay Plaintiff and collective action members the minimum wage as required by 29 U.S.C. § 206.

25.     The Defendants also failed to pay Plaintiff and collective action members overtime wages for work in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

26.     Defendants' misclassification of dancers as independent contractors when they were really employees was knowing, willful, and intentional.

### Count II:  Unlawful Kickbacks under the FLSA

27.     Plaintiff incorporates by reference the previous paragraphs of the Complaint.

The house fees, "funny money" fee, and mandatory tip-outs that Defendants required from Plaintiff and the members of the collective constitute unlawful "kick-backs" to an employer under the FLSA, 29 U.S.C. § 203(m).

4

28.     29 U.S.C. § 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

29.     The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

30.     Plaintiff and the members of the collective are entitled to an award of back pay for all unlawful kickbacks required by Defendants.

## PRAYER

31.     Plaintiff and Collective Members pray for judgment against Defendants, jointly and severally, granting Plaintiff and Collective Members the following relief:

a.     An order authorizing the issuance of notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b.     An award of monetary damages to Plaintiff and Collective Action Members in the form of back pay for unpaid minimum wages and overtime compensation, reimbursement of all unlawful withholdings from Plaintiff's and Collective Action Members' wages, together with liquidated damages;

c.     An award of Plaintiff's and Collective Members' Attorneys' fees and costs incurred in pursuing this action; and

d.     Such further relief as the Court deems just and proper.

Respectfully submitted,


By: */s/ Drew N. Herrmann*
      Drew N. Herrmann
      Texas Bar No. 24086523
      drew@herrmannlaw.com
      Pamela G. Herrmann
      Texas Bar No. 24104030
      pamela@herrmannlaw.com
      HERRMANN LAW, PLLC
      801 Cherry St., Suite 2365
      Fort Worth, Texas 76102
      Phone: (817) 479-9229
      Fax: (817) 887-1878

-AND-


Harold Lichten, *pro hac vice anticipated*
Matthew Thomson, *pro hac vice anticipated*
Olena Savytska, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  hlichten@llrlaw.com
      mthomson@llrlaw.com
      osavytska@llrlaw.com


*Attorneys for Plaintiff*
*and the Proposed Collective*